IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                         No. 1:11-CR-2994-WJ-SMV-2

**JESUS MANUEL GALLEGOS**,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE

**THIS MATTER** is before the court on Defendant Jesus Manuel Gallegos' Motion to Reduce Sentence Under 18 U.S.C. Section 358(c)(1)(a). **Doc 324**, filed *pro se*. The Court, having reviewed the briefing and considered the applicable law, finds that Defendant's Motion is not well-taken and is therefore **DENIED**.

### BACKGROUND

In 2011, Defendant and his co-defendant Brandon Jones kidnapped a random victim at a grocery store. They held the victim at gunpoint, gained access to the victim's vehicle, subjected the victim to terror and threats, and forced the victim to withdraw his money from various banks for them. The victim only managed to escape when Defendant and co-defendant fell asleep. As a result of these events, the United States indicted Defendant on one count of aiding and abetting kidnapping under 18 U.S.C. § 2 and one count of kidnapping under 18 U.S.C. § 1201(a)(1). Defendant ultimately pled guilty to the kidnapping charge.

Initially, the Court sentenced Defendant to 360 months of imprisonment followed by five years of supervised release. Before sentencing, U.S. Probation submitted a presentence investigation report (the "PSR"). The base offense level in the PSR was a 32. The PSR also indicated: (i) a two-level upward adjustment for the use of a dangerous weapon, U.S.S.G. § 2A4.1(b)(3); (ii) a four-level upward adjustment for committing another offense during the kidnapping, U.S.S.G. § 2A4.1(b)(7)(A); and (iii) a four-level upward adjustment for the permanent or life-threatening bodily injury sustained by the victim, U.S.S.G. § 2A4.1(b)(2)(A).

Defendant appealed his sentence to the Tenth Circuit. The Tenth Circuit remanded the case to this Court for resentencing, instructing this Court to apply a two-level, as opposed to a four-level, upward adjustment for the serious bodily injury sustained by the victim. U.S.S.G. § 2A4.1(b)(2)(A). At resentencing, the Court again sentenced Defendant to 360 months of imprisonment followed by five years of supervised release.

Defendant is currently incarcerated at the United State Penitentiary, Hazleton. His predicted release date is July 23, 2037. *See* www.bop.gov/inmateloc/ (query BOP Register Number 64246-051) (last visited October 18, 2023).

**DISCUSSION**

Defendant submitted a request for a reduced sentence to the warden on November 5, 2020, citing the following medical conditions: "cirrhosis of liver, thyroidism, unstable chronic care, high prothrombin, high ammonia/plasma level." **Doc. 329, Ex. 4 at 3**. The warden denied Defendant's request on November 30, 2020. *Id.* **at 2**. On January 3, 2023, Defendant, *pro se*, filed his Motion to Reduce Sentence Under 18 U.S.C. Section 358(c)(1)(a). **Doc. 324**. The United States opposes Defendant's request for a reduced sentence, arguing that Defendant failed to present an extraordinary and compelling reason for release. The Court agrees with the United States.

The Court also acknowledges the United States' exhaustion argument, which asserts that Defendant did not exhaust his administrative remedies because his current motion presents new grounds for release that were not raised in his initial request to the warden. **Doc 329 at 11–12**. In other words, the United States argues that § 3582(c)(1)(A)'s exhaustion requirement requires issue exhaustion. However, it is unclear whether issue exhaustion is necessary under 3582(c)(1)(A)'s exhaustion requirement. *See United States v. Gaskin*, No. 17-20052-JAR-1, 2021 WL 980412, at *2 (D. Kan. Mar. 16, 2021) ("[T]his Court has repeatedly rejected the issue exhaustion challenge to motions for compassionate release."); *United States v. Gieswein*, 832 F. App'x 576, 578 (10th Cir. 2021) (unpublished) (concluding that the defendant had not met § 3582(c)(1)(A)'s exhaustion requirement because he did not cite COVID-19 as a reason for release in his initial request to the warden). In light of this ambiguity, the Court abstains from answering the exhaustion question, as Defendant's motion can be resolved on other grounds.

**I.  Legal Standard for Compassionate Release:**

Defendant seeks a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A). Such motions are commonly referred to as requests for compassionate release under the First Step Act. Generally, a court is prohibited from modifying a term of imprisonment once imposed. *Freeman v. United States*, 564 U.S. 522, 526 (2011). However, there is an exception to this rule. Courts may modify a term of imprisonment for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

Until recently, only the Bureau of Prisons (the "BOP") could request compassionate release, making a defendant "wholly dependent upon the Director of the BOP [to do] so on his or her behalf." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021). This changed, in 2018, when Congress enacted the First Step Act. Under this act, a defendant can directly petition for compassionate release if he or she satisfies one of the following conditions: (1) the defendant has

fully exhausted all administrative rights to appeal the BOP's failure to bring a motion on the defendant's behalf or (2) thirty days have passed since the warden of the defendant's facility received the defendant's request. 18 U.S.C. § 3582(c)(1)(A). This is known as the exhaustion requirement.[1]

Once the exhaustion requirement is met, the district must then follow the "three-step test" established by the Tenth Circuit in *McGee*. F.3d at 1043. Under the *McGee* test, a district court can grant a motion to reduce a sentence if: (1) extraordinary and compelling reasons warrant a reduced sentence; (2) a reduction is consistent with the applicable policy statements from the Sentencing Commission, and (3) a reduction is warranted after considering the applicable sentencing factors listed in 18 U.S.C. § 3553(a). *Id.* at 1042; United *States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). District courts may deny a compassionate release motion if the defendant does not satisfy any of the three conditions and need not address the remaining conditions. *Id.* at 1043.

I.   **Defendant failed to present an extraordinary and compelling reason for release.**

Proceeding under the first step of the *McGee* test, Defendant argues for compassionate release, citing the following as extraordinary and compelling reasons: (i) his age; (ii) his family circumstances; (iii) the disparity between Defendant's sentence and the average federal sentences for murder and kidnapping; and (iv) his rehabilitation efforts.

A.   <u>Defendant's Age:</u>

Defendant contends that his age is an extraordinary and compelling reason because he is less likely to commit another offense at his age. **Doc. 324 at 2**. Defendant cites *Five Things About*

---

[1] In *United States v. Hemmelgarn*, the Tenth Circuit determined § 3582(c)(1)(A)'s exhaustion requirement was a mandatory claim-processing, not a jurisdictional, rule. 15 F.4th 1027, 1030-31 (10th Cir. 2021). The Court notes that the issue in this case is not whether Defendant completely failed to exhaust his BOP remedies but, rather, whether he exhausted as to a particular issue or issues.

*Deterrence*, which asserts that there is a steep decline in criminal behavior at age 35, even in the individuals who commit crimes at the highest rates. *See* https://nij.ojp.gov/topics/articles/five-things-about-deterrence (last visited September 18, 2023).

According to the United States Sentencing Commission (the "Sentencing Commission"), age is an extraordinary and compelling reason justifying release when the defendant "(i) is at least 65 years old," "(ii) is experiencing a serious deterioration in physical or mental health," and "(iii) has served at least ten years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13 cmt. 1(B). While the court is not bound by the Sentencing Commission's guidelines under §1B1.13, the guidelines serve as a good starting point to assess whether extraordinary and compelling reasons for release exist.[2]

Here, the circumstances contemplated by the Sentencing Commission do not exist. Defendant is only 51-years old and has not asserted that he is experiencing a serious deterioration in physical or mental health. Moreover, Defendant's argument on recidivism is unpersuasive. As the United States points out, Defendant committed his current crimes at 40 years-old and assaulted another prisoner at 49 years-old. **Doc. 329, Ex. 3 at 1**. Thus, Defendant's age is not an extraordinary and compelling reason justifying release.

B.  Defendant's Family Circumstances:

Defendant further claims that his family's support upon his release will facilitate a successful reintegration into society and that his children will benefit from having their father in

---

[2] U.S.S.G. § 1B1.13 cmt. 1(C) is binding "only to motions for sentence reductions filed by the Director of the BOP, and not motions filed directly by defendants." *United States v. Hald*, 8 F.4th 932, 938 n. 4 (10th Cir. 2021). However, district courts may look to § 1B1.13 for guidance in assessing what constitutes an "extraordinary and compelling" reason. *United States v. Guerrero*, 2022 WL 16646565, at *3 (10th Cir. Nov. 3, 2022).

their lives. **Doc. 324 at 4**. Defendant's family includes: his ex-wife, his five children (ages 31, 30, 24,14, and 12), his parents (ages 70 and 71), and his siblings. **Doc. 324 at 2–3**.

According to the Sentencing Commission, a family circumstance can be an extraordinary and compelling reason for release under two circumstances: "(i) the death or incapacitation of the caregiver of the defendant's minor child or minor children," and "(ii) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. 1(C).

The Court acknowledges the potential benefits of family support on reintegration and the positive influence of a father figure on children. However, it does not find that these reasons are extraordinary and compelling. Defendant has not established the existence of either of the circumstances contemplated by the Sentencing Commission, nor has he established the existence of some other family emergency that would justify his release. As such, Defendant's family circumstances are not extraordinary and compelling reasons for release.

C. <u>Sentencing Disparity</u>:

Defendant also asserts that he qualifies for compassionate release because his sentence is significantly higher than the average federal court sentences for murder and kidnapping. **Doc. 324 at 4.** However, as the United States points out, the sentencing studies cited by Defendant do not account for variation in sentences due to criminal history and offense level.

Defendant also cites a string of cases where district courts decided that certain sentencing disparities constituted extraordinary and compelling reasons for granting compassionate release. One such case was *United States v. Redd*, 444 F. Supp. 3d 717, 718 (E.D. Va. 2020).

In *Redd*, the defendant, who had committed multiple armed bank robberies in a single day, received a 603-month sentence for his robbery charges and a 540-month sentence for his 18 U.S.C.

6

§924(C) charges. *Id.* Years after the district court sentenced the defendant, Congress prospectively reduced the mandatory minimum sentence for convictions under § 924(c). *Id.* If the court had sentenced the defendant in *Redd* after the enactment of the First Step Act, he would have received a 180, as opposed to a 540, month sentence with respect to his § 924(c) convictions. *Id.* The defendant eventually filed a compassionate release motion to the federal district court, requesting a reduction of his sentence given "Congress's reduction under the First Step Act of the penalties he received on his three stacked § 924(c) convictions." *Id.* at 722. The district court granted the defendant's motion, reasoning that the significant sentencing disparity between the defendant's original sentence and the sentence he would have received after Congress enacted the First Step Act amounted to an extraordinary and compelling reason justifying compassionate release. *Id.* at 723—724.

Here, Defendant does not claim, nor can he claim, that an intervening change in the law would now lead to a significantly lower sentence. Indeed, the Defendant's sentence today would be the same as Defendant's current sentence. This sets Defendant's case apart not only from the *Redd* case but from all the other cases cited by Defendant. For these reasons, the Court concludes that the sentencing disparity mentioned by Defendant is not an extraordinary and compelling reason.

D.  <u>Defendant's Rehabilitation</u>:

Finally, Defendant has shown dedication to rehabilitation, engaging in the Inmate Dental Apprenticeship, receiving blood spill training, and attending the Healthy Mind and Body course. **Doc. 324 at 2**. He has also received great reviews from his time in the dental apprenticeship. **Doc. 324 at 8–9**. But rehabilitation alone does not justify compassionate release. *See McGee*, F.3d 1035 at 1043 (reasoning that rehabilitation of the defendant alone should not be considered an

extraordinary and compelling reason justifying release). Given that the Defendant has not identified any other extraordinary and compelling reasons justifying release, the Court finds that in this particular case, granting Defendant's request solely on grounds of rehabilitation is not justified.

In conclusion, Defendant failed to present an extraordinary and compelling reason for release under 18 U.S.C. §3582(c)(1)(A). Defendant's Motion to Reduce Sentence Under 18 U.S.C. Section 358(c)(1)(a) (Doc. 324) is therefore **DENIED**.

**IT IS SO ORDERED**

_____
CHIEF UNITED STATES DISTRICT JUDGE